**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Nicole Stoner,<br><br>        Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>        Defendant. | No. CV-23-01065-PHX-SMM<br><br>**ORDER** |

Pending before the Court is *pro se* Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2) and Complaint (Doc. 1). For the following reasons, the Court will grant the Application and exercise its authority pursuant to 28 U.S.C. § 1915(e)(2) to dismiss the Complaint without prejudice and with partial leave to amend.

**I.    Factual Background[1]**

Plaintiff is a resident of Phoenix who sought to take advantage of various COVID-19 pandemic-era state and federal economic relief programs. (Doc. 1 at 2-3). During the height of the pandemic, the federal government created the Emergency Rental Assistance Program ("ERAP"), which provided rental assistance to qualified individuals. (Id. at 2) Such assistance was managed and distributed by the individual States and Arizona residents could receive ERAP assistance through the Arizona Department of Economic Security ("DES"), a state agency. (Id. at 2-3). However, Arizona and the DES did not allow

---

[1] The following facts are based on those alleged in Plaintiff's Complaint, which this Court must accept as true for the purposes of this screening order. Similarly, all inferences have been drawn in Plaintiff's favor.

residents of Phoenix to receive ERAP assistance, instead pointing such residents towards "similar city or county-operated programs in the[] area." (Id.)

On June 16, 2021, residents of Phoenix were informed that they could apply for utility assistance through ERAP but remained ineligible for rental assistance. (Id.) That same day, Plaintiff applied for utility assistance with DES. (Id.) The application was approved on June 22, 2021. (Id.)

In June 2022, Phoenix residents were finally allowed to apply for rental assistance through ERAP. (Id.) Plaintiff applied for such assistance on June 25, 2022. (Id.) At an unknown date, DES denied this application, informing Plaintiff that she was ineligible for rental assistance. (Id.) However, around the same time and in a series of separate notices, DES asked Plaintiff to provide further documentation and information related to her application and at times provided contradictory information as to the status of her application. (Id. at 2-3). DES provided Plaintiff with multiple reasons for the denial of her application. (Id. at 3).

In November 2022, Plaintiff appealed DES' denial of her application for ERAP rental assistance. (Id.) On December 6, 2022, DES approved the application, determining that Plaintiff was eligible to receive eighteen months of ERAP rental assistance and had a $65,000 of lifetime benefit remaining. (Id.) On February 22, 2023, Plaintiff filed re-certification for ERAP rental assistance, seeking rental assistance for April through June of 2023. (Id.)

Around February of 2023, DES informed renters that the ERAP rental assistance program would be drawing to a close and that, from April 1, 2023, it would no longer be accepting any new applications for utility assistance or re-certifications for ERAP rental assistance. (Id.) DES noted that claimants who had already had re-certifications approved for future payments would still receive any such approved future payments. (Id. at 3-4).

On April 4, 2023, DES informed Plaintiff that she had reached the 18-month lifetime limit for ERAP rental assistance payments. (Id. at 4). Plaintiff filed an appeal, and a hearing was held before an administrative law judge on April 25, 2023. (Id.) At the hearing, DES

stated that before receiving payments from DES, Plaintiff had already received ERAP rental assistance payments from the City of Phoenix. (Id.) DES stated that these earlier payments, in addition to payments Plaintiff received under a state utility assistance program and the ERAP rental assistance payments she had received from DES all contributed to her reaching the 18-month limit. (Id.) Plaintiff rebutted these statements. (Id.) Ultimately, the administrative law judge conducting the hearing rejected Plaintiff's appeal, finding that Plaintiff was due two more months of rental assistance payments and no more, because after those two months Plaintiff would reach the eighteen-month limit. (Id.)

On June 12, 2023, Plaintiff filed the present Complaint, seeking monetary damages; declaratory relief; and an injunction pursuant to 5 U.S.C. § 552(a)(4)(B). (Doc. 1).

**II.    Application for Leave to Proceed In Forma Pauperis**

Plaintiff's Application for Leave to Proceed In Forma Pauperis states that Plaintiff's future monthly income will be substantially lower than her anticipated monthly expenses. (Doc. 2). Because the Application, signed under penalty of perjury, indicates that Plaintiff is financially unable to pay the filing fee, the Court will grant Plaintiff's IFP application and screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**III.   Screening IFP Complaint Pursuant to 28 U.S.C. § 1915(e)(2)**

**A.    Legal Standard**

When a party seeks to proceed without paying fees or costs, as Plaintiff does here, a district court is required to "dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that § 1915(e) applies to all IFP complaints, not merely those filed by prisoners). Accordingly, "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." Lopez, 203 F.3d at 1127.

In addition, a pleading must contain "a short and plain statement of the claim

*showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The pleading must "put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). While Rule 8 does not demand detailed factual allegations, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### B.     Analysis

As an initial matter, the Complaint's caption on its cover page lists as "Defendant(s)" "State of Arizona et. al." (Doc. 1 at 1). The cover page does not reference any other Defendants. (Id.) However, the Complaint's "Jurisdiction" section names DES as "[t]he defendant." (Id. at 2). The Court therefore interprets the Complaint as listing both the State of Arizona and DES as Defendants.

Plaintiff's Complaint does not clearly delineate its claims, and the Court must attempt to assign Plaintiff's arguments to legally cognizable claims under various statutes referenced therein. As best it can see, the Complaint presents three claims. First, an administrative appeal of an administrative law judge's denial of Plaintiff's appeal. Second, a negligence claim against DES for its mismanagement of ERAP and related programs. Third, a 42 U.S.C. § 1983 claim. The Complaint also devotes three pages to a discussion of the Freedom of Information Act and to temporary restraining orders and preliminary and permanent injunctions that the District Court for the District of Delaware allegedly issued against DES or the Federal Emergency Management Agency (FEMA). (Doc. 1 at 9-11). However, the Court is unable to link these arguments to a cognizable legal claim, and FEMA is not a party to this case.

The Court need not, however, analyze for each of her three claims whether Plaintiff has presented sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Under the Eleventh Amendment to the Constitution of the

United States, neither a state nor a state agency may be sued in federal court without its consent. Pennhurst St. Sch. & Hosp., 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Arizona has not manifested the intention to waive its sovereign immunity under the Eleventh Amendment from suit in federal court. Accordingly, the State of Arizona will be dismissed as a Defendant from this action. Similarly, DES' immunity has been neither waived nor abrogated and it is therefore also immune from suit. See e.g., Patterson v. Ariz. Dep't of Econ. Sec., 689 Fed. Appx. 565, 565 (9th Cir. 2017). Thus, DES must also be dismissed as a Defendant in this action. Because there are no remaining Defendants, the Court must dismiss the Complaint as a whole.

### IV.   Conclusion

Screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Eleventh Amendment bars Plaintiff's claims against both Defendants, and thus the Complaint fails to state a claim on which relief may be granted. The Court will therefore dismiss the complaint with partial leave to amend. Plaintiff's claims against Arizona and DES are dismissed with prejudice, meaning that if Plaintiff wishes to file an amended complaint, she must make her claims against new defendants.

Accordingly,

**IT IS HEREBY ORDERED granting** Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2).

**IT IS FURTHER ORDERED dismissing without prejudice** Plaintiff's Complaint (Doc. 1), pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED dismissing with prejudice** Plaintiff's claims against the State of Arizona and DES.

///

///

///

///

**IT IS FURTHER ORDERED** that if Plaintiff wishes to pursue this action, she may file an amended complaint that cures the deficiencies in her claims no later than <u>July 28, 2023</u>. Any such amended complaint should clearly delineate its legal claims.

Dated this 30th day of June, 2023.

_____
Honorable Stephen M. McNamee
Senior United States District Judge